IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEVESTER GILLARD                                                                    PLAINTIFF

VS.                                   CASE NO. 04-CV-4106

AMY KUYKENDALL, Jail
Administrator, Howard County Jail,
and BUTCH MORRIS, Sheriff,
Howard County, Arkansas                                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendations filed August 15, 2006 by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. 50). Plaintiff Levester Gillard has timely filed his objections. (Doc. 54). After reviewing the record *de novo*, the Court adopts the Report and Recommendations as its own.

## BACKGROUND

Levester Gillard, presently confined in the Arkansas Department of Correction, filed this *pro se* action under 42 U.S.C. § 1983, charging the defendants with violations of his constitutional rights during his detention in the Howard County Detention Center ("HCDC"). Gillard came to the HCDC on June 18, 2004 on three counts of rape. Gillard experienced various problems with his kidneys while at the HCDC, and filed several grievances related to the medical attention he received. Gillard brought the present lawsuit on July 14, 2004. Gillard also alleges violations of his First Amendment rights by Defendants, claiming that HCDC policy unconstitutionally constrained his right to free exercise of his religion. Finally, Gillard alleges that his mail was withheld and that he was subjected to excessive bail.

Defendants moved for summary judgment on September 16, 2005. (Doc. 25). Plaintiff moved for summary judgment on November 14, 2005. (Doc. 38). The Report and Recommendations addresses both motions for summary judgment.

## DISCUSSION

Plaintiff Levester Gillard first complains of the medical treatment he received while incarcerated at the HCDC. To succeed on his § 1983 claims, Gillard must show (1) a deprivation, under color of law of (2) a right, privilege or immunity secured by the Constitution or the laws of the United States. *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Review of Gillard's medical treatment claim depends upon the capacity in which he sues Defendants.

### a. Official and Individual Capacity

In his Complaint, Gillard does not state the capacity–individual or official–in which he is suing defendants. Defendants assert that Gillard has named them in their official capacities only, and Gillard does not disagree with this contention. Because Gillard appears in this case *pro se*, the Court will liberally construe his complaint. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, the Eighth Circuit strictly enforces the requirement that plaintiffs clearly state individual capacity claims. *Murphy v. Arkansas*, 127 F.3d 750, 754-55 (8th Cir. 1997). Specific pleading of individual capacity claims is required because public officials must be put on notice that they will be exposed to personal liability. *Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999). Where a plaintiff fails to state whether he

is suing an official in his individual capacity, the Eighth Circuit has construed the claim to be against the official in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 620 (8th Cir. 1995). The Court thus agrees with Judge Shepherd that Gillard has sued defendants in their official capacity only.

Claims against officials in their official capacity are equivalent to claims against the entity for which they work. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Such official capacity claims require proof that a policy or custom of the entity violated plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id*. Thus Howard County, Defendants' employer, would be liable for their conduct only if it had a policy or custom that caused Gillard's injury. *Id; see also Board of County Comm'rs v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed.2d 626 (1997). If no written policy exists, then Gillard must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Gillard must show that Howard County, through deliberate conduct, was the "moving force" behind his injury. *Brown*, 117 S.Ct. at 1388. Mere inaction or laxness can constitute custom if it is "permanent and well-settled" and the "moving force" behind the alleged constitutional violation. *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 807 (8th Cir. 1994).

The HCDC has a written policy in place concerning medical treatment for inmates, stating that inmates will be treated by a licensed medical professional after the inmate has filled out a written medical request. As a result, Gillard cannot successfully allege that his

constitutional rights were violated based on an unconstitutional policy. In addition, Gillard has not alleged a widespread pattern of unconstitutional conduct regarding medical treatment at the HCDC that is so pervasive and well-settled that it amounted to county custom. *See Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999)(holding that a single incident normally does not suffice to prove the existence of custom). Therefore, the Court agrees with Judge Shepherd that Gillard has failed to state a claim against Defendants for deliberate indifference to his serious medical needs. Defendants' Motion for Summary Judgment should be granted on this claim.

Assuming, *arguendo*, the Court construed Gillard's complaint as asserting claims against Defendants in their individual capacities, summary judgment in favor of Defendants would still be appropriate on the medical treatment claim. For Defendants' actions to amount to deliberate indifference, an inmate must show more than negligence–more than even gross negligence–for individual liability to attach. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Here, Gillard complained of various problems with his kidneys. He was admitted to the hospital for treatment of his kidney abnormality and provided both hydrocodone and ibuprofen for pain. Plaintiff injured his toe, and was given peroxide and triple antibiotic ointment. Defendant Kuykendall regularly consulted with the doctor at the HCDC concerning Gillard's condition. Occasional delays in receiving medication do not rise to the level of deliberate indifference to Gillard's serious medical needs. As an inmate, Gillard has no absolute right to insist upon a course of treatment or to see a specialist at his request. *See Dulaney v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). As a result, even if Gillard had brought claims against Defendants in their individual capacity, such claims would be subject

to summary judgment in favor of Defendants.

### b. First Amendment Claim

Gillard also alleges that the HCDC's policy of requiring inmates to clean their cells every day of the week, including Saturday, which Gillard recognizes as the Sabbath, violates his First Amendment rights. The Court applies a reasonableness test to alleged infringements of the First Amendment rights of prisoners. *O'Lone v. Estate of Shabazz*, 482 U.S. 349, 342 S.Ct. 2400, 96 L.Ed.2d 282 (1987). Prison regulations that impinge upon inmates' constitutional rights are valid if "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

To succeed on this free exercise claim, Gillard must establish that the official action "substantially burdens his sincerely held religious beliefs." *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997). Substantial burdens on the right to free exercise are those that (1) significantly inhibit or constrain conduct or expression that manifests some central tenet of the plaintiff's individual religious beliefs; (2) meaningfully curtail the ability to express adherence to his faith; and (3) deny reasonable opportunities to engage in those activities fundamental to the religion. *Id*.

Gillard contends that the HCDC policy that he mop and clean his cell every day, including his Sabbath Day, violates a tenet of his faith, which requires that no work be done on the Sabbath. The Court agrees with Judge Shepherd that requiring Gillard to perform cleaning chores on the Sabbath creates a substantial burden on his ability to adhere to his religious beliefs. The Court is unconvinced that Gillard would "surely" have performed simple daily chores had the not been incarcerated, as Defendants contend. A question of fact

remains as to what Gillard's faith required in observance of the Sabbath, and what actions Gillard took to observe the Sabbath while not incarcerated. Additionally, the Court is not persuaded that letting Gillard out of cleaning his cell one day a week would disrupt jail security or administration.

Therefore, the Court agrees with Judge Shepherd that Defendants' summary judgment motion on the issue of Gillard's First Amendment claim should be denied. Gillard's Motion for Summary Judgment on this claim also should be denied, as genuine issues of material fact remain.

### c. Final Claims

Gillard alleges that Defendants intentionally withheld a letter he addressed to his pastor, and then returned the letter to him unsent. Inmates at the HCDC are allowed two stamps with which to mail letters–more than the Constitution requires. *See Kaestel v. Lockhart*, 746 F.2d 1323, 1325 (8th Cir. 1984). As a result, Gillard did not suffer a constitutional harm when Defendants did not send his mail, and this claim is subject to dismissal.

Gillard finally alleges that he was subjected to excessive bail when his bond was set at one million dollars. Neither Kuykendall, nor Sheriff Morris was responsible for setting the amount of Gillard's bail, because, in Arkansas, that function belongs exclusively to judicial officers. *See Walden v. Carmack*, 156 F.3d 874 (8th Cir. 1998); Arkansas Rules of Criminal Procedure 8.5, 9.2. As a result, Gillard's claim for excessive bail is subject to dismissal.

Defendants did not address these final claims in their Motion for Summary Judgment. However, neither is cognizable under controlling law, and the Court agrees with Judge

Shepherd that dismissal of these final claims for failure to state a claim is appropriate. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii)(providing for dismissal of a claim or any portion thereof, brought in forma pauperis, at any time, for failure to state a claim upon which relief may be granted).

CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion is granted as to the claims concerning Plaintiff's medical treatment. Defendants' motion is denied as to Plaintiff's claim of violations of his First Amendment rights. Plaintiff's claims of interference with personal mail and excessive bail are dismissed for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Summary Judgment should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 30th day of August, 2006.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge